UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENTE CARBAJAL BRAVO,

    Petitioner,

-vs-                                      Case No. 8:10-CV-2082-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

This matter is before the Court for consideration of Petitioner's "Notice of Pending Action" ("motion to stay") (Dkt. 11) which the Court construes as a motion to stay and hold these proceedings in abeyance until the conclusion of Petitioner's motion for post-conviction DNA testing in state court. In support of his motion to stay, Petitioner essentially asserts that the results of the DNA testing will likely support an actual innocence claim. (Id. at pg. 1).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005). District courts may order a stay and abeyance of mixed petitions only "in limited circumstances." *Thompson v. Sec'y for the Dep't of Corr.*, 425 F.3d 1364, 1365-66 (11th Cir. 2005) (citing *Rhines v. Weber*, 544 U.S. at 277) (finding that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court

determines there was good cause for the petitioner's failure to exhaust his claims."). A stay and abeyance is warranted where "(1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Id*. at 1366 (citation omitted). In the instant case, Petitioner has not alleged or demonstrated that he meets any of the three prongs of this test. Furthermore, there is no indication that Petitioner presented any unexhausted claims in his federal habeas petition.[1] Thus, the stay and abeyance procedure would appear to be inapplicable.

Petitioner has not met his burden to demonstrate that holding this proceeding in abeyance is warranted. A stay would merely prolong federal habeas review to no avail, in contravention of the Antiterrorism and Effective Death Penalty Act of 1996's goal of "finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278.

Accordingly, the Court **ORDERS** that Petitioner's construed motion to stay (Dkt. 11) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 22, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Petitioner

---

[1] It appears that Petitioner is not seeking a stay in order to return to state court to exhaust unexhausted claims contained in his federal habeas petition. Instead, it appears that he wants to exhaust a potential new claim of actual innocence based on the results of DNA testing. However, a habeas petitioner, challenging his state court conviction, cannot raise a free standing, substantive claim for actual innocence in federal court. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993)("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").