# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VINCENTE CARBAJAL BRAVO,

    Petitioner,

v.                                            CASE NO:  8:10-CV-2082-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, *et al.*,

    Respondent(s).
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The Court has considered the petition and memorandum of law filed on October 4, 2010 (Dkt. #4), Respondents' response filed on January 19, 2011 (Dkt. #16) and Petitioner's reply filed on February 2, 2011 (Dkt. #19). Upon review, the Court determines that the petition must be denied because Petitioner has failed to show that the state court decision resulted in an unreasonable application of clearly established federal law or an unreasonable determination of the facts.

## BACKGROUND

On July 18, 2001, Vincente Carbajal Bravo ("Petitioner") was charged with second degree murder for the shooting of Martha Gomez ("victim") and shooting within a dwelling. Petitioner pled not guilty, and on July 24, 2001, a jury trial proceeded. The State called seventeen witnesses. Defense called no witnesses and Petitioner did not testify.

Officer Henry Smith observed that when he arrived on the scene, Petitioner was covered in blood and slurring his words because blood was running from his mouth. Officer Smith further testified that Petitioner stated six times that the victim shot him in the cheek behind his ear and then shot herself.

The state called several doctors and medical examiners who collectively testified that Petitioner's injuries were consistent with a gun being placed inside his mouth prior to firing. Through expert testimony, the State showed the victim died from a gunshot wound to the back of her head. The position of the wound which killed the victim was difficult to reach by someone committing suicide.

The victim's sister, Oralia Ibrarra, testified that prior to the night of the shooting, the Petitioner took out a rifle during an argument and left the house claiming: "If she leaves the room I will kill her." (Dkt. #18 Ex. 1 at 590:20).

Petitioner was convicted as charged on both counts on May 16, 2003. (Dkt. #18 Ex. 1 at 81). On June 12, 2003, Petitioner gave notice of direct appeal, raising three issues. The Second District Court of Appeals *per curium* affirmed Petitioner's convictions and sentence on November 27, 2004.

Petitioner then filed a 3.850 motion for Post-Conviction Relief on March 21, 2005, raising nine grounds of ineffective assistance of counsel. (Dkt. #18 Ex. 7 at 76-219). The trial court held an evidentiary hearing on five grounds on December 15, 2008, at which Petitioner's trial counsel testified. (Dkt. #18 Ex. 7 at 266). The court denied the motion on January 20, 2009. (Dkt. #18 Ex. 7 at 420). On July 6, 2009, Petitioner filed a direct appeal

of the court's denial of his motion for Post-Conviction Relief raising the issue that counsel was ineffective for advising Petitioner not to testify at trial. (Dkt. #18 Ex. 08). The Second District Court of Appeal *per curium* affirmed the trial court's ruling on June 18, 2010. (Dkt. #18 Ex. 11).

Petitioner timely filed the instant federal petition on September 30, 2009, claiming trial counsel was ineffective for:

**Ground 1:** misadvising Petitioner about his right to testify in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights;

**Ground 2:** stripping Petitioner of his right to be present at any side bar conferences in violation of Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights;

**Ground 3:** conceding Petitioner's guilt in violation of Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights;

**Ground 4:** failing to depose critical defense witnesses in violation of Petitioner's Fourth, Fifth, Sixth and Fourteenth Amendment rights;

**Ground 5:** failing to investigate and interview available defense witnesses in violation of Petitioner's Fourth, Fifth, Sixth and Fourteenth Amendment rights;

**Ground 6:** committing fraudulent practice in violation of Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights;

**Ground 7:** failing to investigate evidence helpful to the defense in violation of Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights;

**Ground 8:** committing misconduct which violated Petitioner's Fourth, Fifth, Sixth, Fourteenth Amendment rights; and

**Ground 9:** failing to investigate the emergency room physician and cross examine Dr. Castor in violation of Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

## STANDARD OF REVIEW

In 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2254. "Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments." *Parker v. Sec., Dept. Corr.*, 331 F. 3d 764, 768 (11th Cir. 2003) (citing *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002)).

Under 28 U.S.C. § 2254, a person in custody pursuant to a state court judgment may challenge their conviction and sentence in federal court by applying for a writ of *habeas corpus*. *See* 28 U.S.C. § 2254(a). Federal courts "may entertain an application for a writ of *habeas corpus* only on the ground that the prisoner's confinement violates the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254(a). To obtain relief, the applicant must show that the violation rises to the level of a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. U.S.*, 368 U.S. 424, 428 (1962)).

Furthermore, under 28 U.S.C. § 2254(d), *habeas* relief is not available for any claim adjudicated on the merits in state courts unless the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1) & (2). A state court's decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Price v. Vincent*, 538 U.S. 634, 640 (2003); *Early v. Packer*, 537 U.S. 3, 7-8 (2002) (per curiam).

Under § 2254(d)'s "unreasonable application" clause, a federal court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied a Supreme Court Case incorrectly. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2003) (citing *Bell v. Cone*, 535 U.S. 685, 698-99, (2002). Rather, "it is the habeas applicant's burden" to show that the state court applied that case to the facts "in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2003).

An accused is entitled to reasonably effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). To establish that Petitioner has not had effective assistance of counsel, he must show that counsel's performance fell below an objectively reasonable standard and resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668

(1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Waters v. Thomas*, 46 F.3d 1506, 1511-12 (11th Cir. 1995).

## **DISCUSSION**

Grounds two through nine of Petitioner's instant motion are near replicas of the claims in his motion for Post-Conviction Relief that were held to be procedurally barred. Federal courts must dismiss claims that have been explicitly ruled procedurally barred by the highest state court considering the claims. Harris v. Reed, 489 U.S. 255 (1989). See also *Rodwell v. Singletary*, 113 F.Supp.2d 1308 (M.D. Fla. 2000) (finding that federal habeas courts cannot reach the merits of procedurally defaulted claims). The procedural bar can only be avoided upon showing either cause or prejudice, or by establishing that a fundamental miscarriage of justice resulted in conviction of an innocent defendant. See Wainwright v. Sykes, 433 U.S. 72, 97 (1977); Murray v. Carrier, 477 U.S. 478, 496 (1986). To show prejudice, he must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991). Petitioner must also show that he exhausted what he claims excuses his procedural default in state court, to the extent it constitutes an independent constitutional claim. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (where ineffective assistance of counsel is alleged as cause to excuse a procedural default, the claim of ineffectiveness must be presented to the state courts as an independent claim). Without proffering specific facts which support a finding that one of

these exceptions to the procedural default rule exists, a federal court should not even discuss the merits of a claim that has been procedurally defaulted in state court. *Knight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir. 1995).

Petitioner's direct appeal of his motion for Post-Conviction Relief included only one ground, that of whether counsel was ineffective for advising appellant not to testify at trial. Thus, only the one ground can be entertained by this Court. Petitioner's grounds two through nine are procedurally barred and will be dismissed.

Despite the fact that grounds two through nine will be dismissed, this court will discuss their merits to explain to Petitioner why they would have failed even had they not been procedurally barred.

**Ground 2:** Petitioner asserts that his trial counsel failed to inform him of his right to be present at sidebar. During the evidentiary hearing regarding the sidebar issue, Petitioner's counsel testified that he did inform Petitioner of his right to be present at sidebar. (Dkt. #18 Ex. 7). When Petitioner was asked if he was informed of his right to be present at sidebar he responded, "I don't know." (Dkt. #18 Ex. 7 at 364:24). After the Petitioner and his counsel testified, the court listening to the evidentiary hearing denied Petitioner's claim finding Petitioner's counsel to be more credible. (Dkt. #18 Ex. 7 at 420).

**Ground 3:** Petitioner claims that his counsel failed to provide an adequate defense because his counsel conceded facts such as the entry point of Petitioner's wound. The Eleventh Circuit has held that counsel's strategic decision to concede facts firmly supported by the evidence in order to better argue others, does not amount to ineffective assistance of

counsel. *See*, *Parker v. Head*, 244 F.3d 831, 840 (11th Cir. Court. App. 2001). Here, the issue regarding the entry point of Petitioner's wound was overwhelmingly established by five expert witnesses on behalf of the State. (Dkt. #18 Ex. 1 at 589). It was well within reason for counsel to concede such facts as trial strategy.

**Grounds 4 and 9:** Petitioner asserts that his counsel was ineffective for failing to depose Mrs. Nina Cisneros, Ms. Gomez and several medical personnel. However, Petitioner has failed to show the specific harm that resulted from his counsel's failing to depose these witnesses. "When a failure to depose is alleged as part of an ineffective assistance of counsel claim, the [Petitioner] must specifically set forth the harm from the alleged omission. *Hannon v. Secretary, Department of Corrections*, 622 F.Supp.2d 1169, 1201-02 (M.D. Fla. 2007). Cisneros and Gomez were present the night before the shooting when Petitioner argued with the victim and threatened to shoot her. Petitioner speculates that Cisneros and Gomez would testify that while Petitioner was very angry, he did not really mean anything by his threats. But Petitioner does not offer any proof of what these witnesses would have actually said. He does not present an affidavit from any of them supporting either what they would have said or that they would have testified at trial. Without a showing of the harm that resulted from failing to depose the two witnesses, this claim of ineffective assistance of counsel lacks merit. *Alexander v. McCotter*, 775 F. 2d 595 (5th Cir. 1985). The medical persons to whom Petitioner refers are unnamed. Again, speculation about what some witnesses may have said is insufficient. "The mere allegation that counsel failed to depose witnesses is insufficient" *Gadson v. Secretary Dept. Of Corrections*, 2009, WL 1543814 at

8 (M.D. Fla. 2009).

**Grounds 5 and 7:** Petitioner claims that his counsel was ineffective for failing to obtain evidence such as fingerprint or DNA analysis of the hand gun. Petitioner alleges that obtaining fingerprint analysis of the gun would exonerate him because his fingerprints would not have been found on the gun. The State did not have a fingerprint analysis performed. It relied on the testimony of five expert witnesses. Had Petitioner's counsel done fingerprint analysis of the gun, and had Petitioner's fingerprints not been found, it is unlikely that would have overcome the testimony of the experts. And, had Petitioner's counsel had a fingerprint test performed, he ran the risk of Petitioner's prints being found.

An evidentiary hearing was held in which Petitioner's counsel testified as to his trial strategies including his choice not to run a fingerprint analysis of the handgun. The court listening to the evidentiary hearing held that counsel's decision was reasonable and denied Petitioner's claim. (Dkt. #18 Ex. 7 at 420).

**Ground 6:** Petitioner claims that his counsel was ineffective because of his failure to obtain an expert witness to address the issue of whether the Petitioner's gunshot wound was self inflicted. The evidence regarding that issue was overwhelmingly against him. Five expert witnesses for the State opined that the wound was self inflicted: Jean Gardner, a crime scene technician, John Romeo, an expert in firearms, Dr. Alexander Melamund, an associate medical examiner, Dr. Stephen Nelson, chief medical examiner, and Dr. Stanley Castor, a plastic surgeon. Petitioner does not name any expert witness that would have come to a different conclusion. Speculation that such a witness exists is insufficient. For this action to

be held prejudicial, Petitioner must show that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Petitioner cannot show that, but for counsel's failure to call an expert witness, the proceeding was fundamentally unreliable, and therefore Ground six lacks merit.

**Ground 8:** In ground eight, Petitioner compiles his previous ineffective counsel arguments and alleges it as misconduct. For the same reasons the previous claims lack merit, ground eight also lacks merit.

With grounds two through nine procedurally bared and lacking merit, we turn to Petitioner's ground one.

**Ground 1:** Petitioner claims his counsel was ineffective because his counsel misadvised Petitioner not to testify by threatening to withdraw as counsel. "Defense counsel bears primary responsibility for advising defendant of one's right to testify or not to testify and the strategic implications of each choice. If defense counsel believes it would be unwise for defendant to testify, counsel may, and should, advise client in the strongest possible terms not to testify." *U.S. v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992).

Here, Petitioner's counsel simply advised him, in the strongest possible terms, not to testify. The record of the evidentiary hearing regarding this matter indicates that Petitioner's counsel testified:

> Q    Is it your testimony today, Mr. de la Grana, that you advised the defendant that he had the right to testify and you discussed that with him?
>
> A    Yes, sir.

> Q  He chose not to testify; he trusted in your decision - - is that what your testimony is?
>
> A  I also made it perfectly clear to him that under the facts and under the circumstances and based on his background that I didn't feel it was in his best interest to testify. I never heard one time that he went against my opinion about him testifying.

The court hearing the evidence found that Petitioner's counsel did not threaten to remove himself if Petitioner testified at trial. (Dkt #18 Ex. 7 at 349). This Court is bound by that finding of fact.

## **CONCLUSION**

Petitioner's grounds two through nine are procedurally barred and therefore will be dismissed. Petitioner's claim of ineffective counsel for misadvising Petitioner of his right to testify is contrary to the finding of fact made by the state post-conviction court, and, therefore, fails.

It is therefore ORDERED AND ADJUDGED that:

1.  Grounds two through nine of the Petition for writ of habeas corpus are procedurally barred and ground one lacks merit.

2.  The petition for writ of habeas corpus (Dkt. #4) is DENIED.

3.  The Clerk shall enter judgment for Respondents, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on July 29, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-2082.deny 2254.wpd*